IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE GRIFFIN and | : | No. 3:05cv1502 |
| TERESA GRIFFIN, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| CITIFINANCIAL MORTGAGE CO., INC., | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the Court for disposition is Defendant Citifinancial Mortgage Company's Motion to Dismiss the Complaint. The parties have fully briefed and argued this matter and it is ripe for disposition. For the following reasons, we will grant the Motion.

**I.    Background**[1]

On July 28, 1993, Plaintiffs Teresa and Clarence Griffin executed a loan and a mortgage with Associates Consumer Discount Company. Citifinancial subsequently purchased Associates and now holds the loan and the mortgage. On December 13, 2003, Plaintiffs filed a voluntary Chapter 13 bankruptcy petition. In March 2004, Federman & Phelan, a law firm, filed a proof of claim in bankruptcy court on behalf of Citifinancial. The proof of claim outlined the total arrearage and debt. Plaintiffs' counsel began to investigate the amount of the claim.

On April 1, 2004, Plaintiffs' counsel transmitted a fax to Federman & Phelan requesting the date, the amount, the payee, and the purpose of certain components of the

---

[1] The following background facts are derived from the Complaint.

arrearage, as well as a copy of the most recent Act 91 notice.  On April 7, 2004, a representative of Federman & Phelan faxed an acknowledgment to Plaintiffs' counsel, explaining that the firm had forwarded a copy of the request to Citifinancial, and would relay any forthcoming information.   By June 28, 2004, Plaintiffs' counsel had yet to receive any further response, and he faxed another request to Federman & Phelan, explaining that he had not received the necessary information and calling attention to provisions of the Real Estate Settlement Procedures Act ("RESPA") that require prompt response to debtor inquiries.  As of August 5, 2004, Plaintiff's counsel had yet to receive a response and again sent Federman & Phelan a fax reminding it of the April 1, 2004 request.  On August 9, 2004, Federman & Phelan transmitted a fax purporting to provide the necessary information, although it failed to satisfy the request.

Based on the letters to Citifinancial's bankruptcy counsel of April, June, and August 2004, and the allegedly incomplete and late response, Plaintiffs filed the instant action seeking damages under RESPA, 12 U.S.C. § 2605, for failure to respond to three qualified written requests.  Citifinancial seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.     Jurisdiction

As this case is brought pursuant to RESPA, 12 U.S.C. §§ 2605, 2614,  we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**III.    Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'"  Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**IV.    Discussion**

RESPA provides a duty for loan servicers to respond to certain borrower inquiries.

> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall . . .(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes - - (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance from the borrower.

12 U.S.C. § 2605(e)(2)(C)(i)-(ii) (emphasis added).

Citifinancial argues that it had no duty to respond under RESPA because Plaintiffs'

3

counsel sent the request to Citifinancial's bankruptcy attorney, Federman, Phelan, & Howe, not Citifinancial, and that the Bankruptcy Court is the appropriate venue for resolving bankruptcy discovery disputes. We agree.

The plain language of the statute provides that a servicer has a duty to take action "[n]ot later than 60 days . . .after the receipt from any borrower of any qualified written request." 12 U.S.C. § 2605(e)(2)(C). It also states, "If any servicer of a federally related mortgage loan <u>receives a qualified written request from the borrower (or an agent of the borrower)</u>. . . the servicer shall provide a written response." 12 U.S.C. § 2605(e)(1)(A) (emphasis added). A servicer is "the person responsible for servicing of a loan." 12 U.S.C. § 2605(i)(2). Here, Citifinancial, the servicer, did not receive a request from a borrower or the borrower's agent. Rather, the servicer's outside counsel received a request from the borrower's agent. Thus, under the plain language, Citifinacial had no duty to respond under the RESPA provisions in question. As Citifinancial illustrates, service of a request on their bankruptcy counsel may invoke a duty to respond according to the discovery provisions of the Bankruptcy Rules. The Bankruptcy Rules provide that service of a discovery request upon "a party represented by an attorney is made on the attorney unless the court orders service on the party." <u>See</u> FED. R. CIV. P. 5(a),(b); BANKR. R. 8005 (making FED. R. CIV. P. 5 applicable in adversary proceedings). RESPA includes no such provision allowing borrowers requesting information from their servicer to send their qualified written requests to their servicer's attorney. Rather, the plain language imposes a duty upon the servicer to

4

respond only when it receives a request from the borrower or the borrower's agent. Therefore, we hold that the plaintiffs fail to state a claim because they did not send a qualified written request to their servicer, and instead sent it to their servicer's outside counsel.[2]  An appropriate order follows.

---

[2]  We will dismiss with prejudice because we find that amendment would be futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE GRIFFIN and  TERESA GRIFFIN, | : : | No. 3:05cv1502 |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| CITIFINANCIAL MORTGAGE CO., INC., Defendant | : : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 1st day of February 2006, Defendant Citifinancial's Motion to Dismiss (Doc. 2) is hereby **GRANTED**. Plaintiffs' Complaint is hereby **DISMISSED** with prejudice. The Clerk of Court is directed to close this case.

                                                     **BY THE COURT:**

                                                     **s/ James M. Munley**
                                                   **JUDGE JAMES M. MUNLEY**
                                                   **United States District Court**